UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D.M. ROTHMAN CO., INC., :
:
        Plaintiff, :
: Civil No. 17-CV. 4419
    v. :
: **COMPLAINT**
DIMITRI KOTSIOPOULOS a/k/a DIMITRIOS :
KOTSIOPOULOS d/b/a FIVE STAR PRODUCE, :
:
        Defendant. :

D.M. Rothman Co., Inc. (hereinafter "Plaintiff"), for its Complaint against Defendant, alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that Plaintiff's claims arose in this District and Plaintiff has its principal place of business in this District.

## PARTIES

3. Plaintiff is a New York corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, Plaintiff was licensed as a dealer under the provisions of PACA.

4. Defendant Dimitri Kotsiopoulos a/k/a Dimitrios Kotsiopoulos d/b/a Five Star Produce ("Defendant") is a resident of the State of New York, County of Suffolk, and was at all times pertinent herein a purchaser of wholesale quantities of produce subject to the trust provisions of PACA.

- 1 -

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6. Between January 23, 2017 and March 13, 2017, Plaintiff sold to Defendant $45,006.00 worth of wholesale quantities of produce which had been moved in interstate commerce and which was accepted by Defendant.

7. Defendant has failed to pay for the produce when payment was due, despite repeated demands, and presently owes Plaintiff $45,004.00, having been credited for $2.00.

8. At the time of receipt of the produce, Plaintiff became beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendant since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the aggregate amount of $45,004.00 sending invoices to Defendant containing the language required by 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the produce.

10. Defendant has not disputed the debt in any way.

11. Defendant's failure, inability and refusal to pay Plaintiff shows that Defendant is failing to maintain sufficient assets in the statutory trust to pay Plaintiff and is dissipating trust assets.

### Count 1

(Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of Defendant to make payment to Plaintiff of trust funds in the amount of $45,004.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

## Count 2

(Failure to Pay For Goods Sold)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendant failed and refused to pay Plaintiff the amount of $45,004.00 owed to Plaintiff for produce received by Defendant from Plaintiff.

## Count 3

(Tender of Dishonored Checks)

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. On or about February 13, 2017, Defendant gave Plaintiff two checks totaling the sum of $7,874.00.

18. One of the aforementioned checks was dishonored for insufficient funds, and payment on the other check was stopped by Defendant, resulting in its being dishonored as well.

## Count 4

(Interest and Attorneys' Fees)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. As a result of Defendant's failure to make full payment promptly of the aggregate amount of $45,004.00, Plaintiff has lost the use of said money.

21. As a further result of Defendant's failure to make full payment promptly of the aggregate amount of $45,004.00, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendant to comply with their statutory duties.

22. PACA and the invoices of Plaintiff entitle Plaintiff to recover attorneys' fees incurred to collect any balance due from Defendant.

WHEREFORE, Plaintiff requests the following relief:

1) Judgment in favor of Plaintiff against Defendant, in the amount of $45,004.00, plus interest at the rate of 18% per annum from January 23, 2017 and attorneys' fees, under the trust provisions of the PACA and pursuant to the agreement of the parties; and

2) An order enforcing payment from the PACA trust by requiring immediate payment of the amount of $45,004.00, plus interest and attorneys' fees, to Plaintiff; and

3) Judgment in favor of Plaintiff, and against Defendant, for interest, costs and attorneys' fees, together with such other and further relief as the Court delivers just and proper.

Dated: New York, New York
June 12, 2017

Respectfully submitted,
LAW OFFICE OF BRUCE LEVINSON
Attorney for Plaintiff

By: _____
Bruce Levinson
805 Third Avenue, 12th Floor
New York, New York 10022
(212) 750-9898